UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 08-124-ART

UNITED STATES OF AMERICA, PLAINTIFF,

V. **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

RODERICK L. STEWART, DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

## I. INTRODUCTION and BACKGROUND

On February 10, 2009, Roderick L. Stewart pleaded guilty to being a convicted felon in possession of a firearm. [Rs. 1, 16]. On June 8, 2009, he was sentenced to a term of 110 months imprisonment, to be followed by three years of supervised release. [R. 25]. Stewart did not file a direct appeal. In this action brought pursuant to 28 U.S.C. § 2255, he seeks to vacate, set aside, or correct his sentence, based on alleged (1) ineffective assistance of counsel, (2) improper sentence enhancement, and (3) inaccurate criminal history calculation. [R. 27]. For the reasons discussed below, the Court recommends that the Motion to Vacate, Set Aside, or Correct Sentence [R. 27] be denied.

Stewart's conviction stems from an investigation by the U.S. Drug Enforcement Administration ("DEA") into his alleged drug trafficking activity. Stewart was arrested on October 22, 2008, after a witness cooperating with the DEA attempted to purchase a controlled substance from him. [See R. 1, Attach. 1, Complaint and Affidavit at 1-3]. Stewart was subsequently indicted for (1) distribution of 50 grams or more of a substance containing cocaine, (2) being a felon in possession of a firearm, and (3) possessing a firearm in furtherance of a drug trafficking crime. [R. 1, Indictment at 1-2]. As it turned out, laboratory results confirmed that the substance Stewart had

attempted to sell to the cooperating witness was not crack cocaine, but rather was a "sham" controlled substance. [R. 11 at 1]. Counts 1 and 3 of the indictment were dismissed, and Stewart pleaded guilty to the remaining charge, being a felon in possession of a firearm. [Rs. 12, 18].

During sentencing, a four-level sentence enhancement was imposed pursuant to United States Sentencing Guidelines § 2K2.1 for possession of a firearm in connection with another felony offense. [See R. 30, Sentencing Transcript at 20]. In his petition, Stewart argues that he did not have the opportunity to object to the enhancement, but a review of the sentencing transcript reveals that his attorney did in fact object to the enhancement and engaged the Court in a lengthy debate concerning its applicability. [See Id. at 3-20]. Stewart's objection to the enhancement was ultimately overruled, and he was sentenced to a term of 110 months imprisonment. [R. 25]. This timely petition to vacate, set aside, or correct his sentence followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his petition for relief under Section 2255, Stewart first argues that his counsel performed ineffectively by failing to provide him with certain discovery materials. In order to prevail upon an ineffective assistance of counsel claim, the defendant must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, he must demonstrate that the deficient performance prejudiced the defense. Id. at 687; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential. ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. With these standards

2

in mind, the Court finds that Stewart's ineffective assistance claim is without merit.

Stewart alleges that his attorney was ineffective because he failed to provide Stewart with discovery materials as requested. Stewart claims that, had his attorney provided the requested discovery, he would not have pleaded guilty and instead would have proceeded to trial. [R. 33 at 3]. When an ineffective assistance of counsel claim relates to the defendant's decision to plead guilty, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; accord Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003). Stewart "must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (quoting United States v. Cieslowski, 410 F.3d 353, 358-59 (7th Cir. 2005)).

Stewart has failed to specify exactly what he has learned since his guilty plea which would have been material to his decision to enter the plea. The full extent of Stewart's ineffective assistance claim is that

> [u]pon my request he failed to provide my [sic] with discovery materials that would have otherwise shown facts of the C.I. and the arresting officer which if I had known I wouldn't [sic] accepted a plea and went to trial. I was prejudiced because my appointed counsel had access to the material but withheld the information.

[R. 33 at 3]. Stewart does not explain in any detail which specific facts would have influenced his decision to plead guilty or why he would not have pleaded guilty if he had known those facts. Without identifying what information he did not have at the time he entered the plea and how that information would have impacted his decision to plead guilty, the Court cannot find that there is a reasonable probability Stewart would not have pleaded guilty but for his attorney's alleged errors. Hill, 474 U.S. at 59.

Further, Stewart does not provide any evidence that his attorney actually failed to share discovery materials with him. In fact, Stewart's allegation is in conflict with the statements that he made under oath during his re-arraignment on February 10, 2009. During his re-arraignment, the Court addressed the Defendant regarding his satisfaction with his attorney's representation:

> COURT: Have you discussed everything you feel like you need to discuss with your attorney in order to make a decision about whether or not to plead guilty?
>
> DEFENDANT: Yes, sir.

[R. 29 at 4-5]. The Court also asked:

> COURT: Are you satisfied with your lawyer's advice and representation?
>
> DEFENDANT: Yes, sir.

[R. 29 at 8]. Stewart alleges that prior to his re-arraignment and guilty plea, his attorney refused multiple requests to examine discovery materials. [Rs. 27 at 4, 33 at 3]. Yet, when asked in a direct and unambiguous manner if he had a chance to discuss everything with his attorney before pleading guilty and whether he was satisfied with his attorney's representation, Stewart, under oath, responded affirmatively.

During Stewart's re-arraignment, the Court engaged in a lengthy colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and "where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986) (citing Moore v. Estelle, 526 F.2d 690, 696-97 (5th Cir. 1976)). In this case, Stewart told the Court that he discussed with his attorney

everything he felt like he needed to before pleading guilty. [R. 29 at 4-5]. Defendants are generally bound by the statements made during a Rule 11 colloquy, and that colloquy cures any misunderstandings caused by an attorney's erroneous advice or misrepresentations. See e.g Ramos v. Rogers, 170 F.3d 560, 563-65 (6th Cir. 1999) (trial court's proper plea colloquy cured any misunderstanding defendant might have about his plea, notwithstanding promises by trial counsel); United States v. Walton, 9 F. App'x 803, 805 (10th Cir. 2001) (defendant could not show in 2255 action that his plea was involuntary due to ineffective assistance of counsel where district court clearly informed defendant of consequences of plea, and defendant stated under oath that he was aware of consequences); Jones v. Page, 76 F.3d 831, 844-45 (7th Cir. 1996) (defendant's claim that counsel coerced his guilty plea was rejected where defendant stated during the plea colloquy that he had not been coerced into pleading guilty); Rosenberger v. United States, 133 F. App'x 799, 801 (2d. Cir. 2005) (defendant's self-serving, conclusory allegations of coercion did not overcome his sworn statements during his plea allocution). If his attorney had failed to provide requested discovery materials prior to the re-arraignment, Stewart had the opportunity to say so. Instead, he affirmed that he was satisfied with his attorney's representation and that he had discussed everything he needed to before pleading guilty.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Stewart's ineffective assistance of counsel claim is conclusory and contradicts his statements made during re-arraignment. First, Stewart has failed to provide any details regarding his attorney's alleged failure to provide discovery. Stewart does not indicate when he requested the

5

discovery, how often he requested it, what the discovery materials contain, or why they would have influenced his decision to plead guilty. Second, Stewart stated under oath that he was satisfied with his attorney's representation and had discussed with his attorney all the things he needed to before pleading guilty. The Defendant should be held to his word, and his failure to answer questions truthfully during re-arraignment should not be rewarded by granting relief based on factual allegations that contradict his sworn statements. Pursuant to the Strickland test, Stewart has failed to demonstrate that he was "prejudiced" by his attorney's alleged ineffective representation. The evidence fails to support his assertion that he would not have pleaded guilty if his attorney had shared certain discovery materials, and his claim should therefore be denied.

Finally, even if Stewart was able to prove that his attorney failed to share some discovery materials with him, that failure would not necessarily provide grounds for relief under Section 2255. The Court can find no authority suggesting that an attorney renders constitutionally ineffective assistance by failing to share discovery materials with the defendant. As a general matter, there is no constitutional duty for an attorney to share discovery documents with the defendant. Carillo v. U.S., 995 F.Supp. 587, 591 (D.V.I. 1998). Although Stewart did have the right to meaningfully participate in making decisions fundamental to his defense, he has failed to show that actual access to discovery documents was fundamental to his decision to plead guilty. See White v. Cason, No 04-cv-75071, 2006 WL 763194, *11 (E.D. Mich. Mar. 24, 2006). While there might be a scenario where an attorney's failure to provide discovery documents violates his client's Sixth Amendment rights, Stewart's allegations do not raise such a claim. Other courts addressing this issue have similarly found that an attorney's failure to share discovery materials with his client does not amount to ineffective assistance of counsel. See e.g. White, 2006 WL 763194 at *11; Gaughan v. U.S., No.

2:02-cv-169, 2006 WL 2798155, *13 (N.D. Ind. Sept. 28, 2006); Ramsden v. Warden, Dept. of Corrections, No. 02-138, 2003 WL 356031,*10 (D.Me. Feb. 14, 2003).

Stewart also claims that his attorney rendered ineffective assistance by failing to investigate or prepare discovery material and by providing erroneous advice to induce Stewart's acceptance of the plea agreement. [R. 33 at 1]. As a *pro se* litigant, Stewart's petition is entitled to liberal construction. See Franklin v. Rose, 765 F.2d 82, 84 (6th Cir. 1985) (per curiam). However, Stewart has failed to factually develop these arguments, or provide any legal authority in support thereof. "[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Johnson, 440 F.3d 832, 846 (6th Cir. 2006); see also United States v. Hall, 549 F.3d 1033, 1042 (6th Cir. 2008); Morris v. U.S., 1:09-cv-229, 2010 WL 2854269 (W.D. Mich. Jul. 19, 2010). Accordingly, Stewart's additional claims concerning ineffective assistance of counsel are waived.

### III. REMAINING CLAIMS ARE PROCEDURALLY DEFAULTED

Stewart did not file a direct appeal challenging either his conviction or sentence. Sentencing challenges not made on direct appeal generally are waived and cannot be made for the first time in a Section 2255 motion. Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). Accordingly, Stewart's claims of improper sentence enhancement and inaccurate criminal history calculation are procedurally defaulted unless an exception applies. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations and quotations omitted). Stewart has not asserted actual innocence and therefore must demonstrate (1)

cause for his failure to raise these claims on appeal and (2) that he was actually prejudiced by the alleged violations of his rights.

Stewart has not demonstrated cause for his failure to raise these claims on direct review. To show cause, he must establish a substantial reason excusing the default. Ineffective assistance of counsel may satisfy the cause requirement. See Washington v. Hofbauer, 228 F.3d 689, 698 (6th Cir. 2000). Stewart alleges that he did not file a direct appeal because his "counsel ineffectively advised against it." [R. 33 at 2]. While it is true that in the Sixth Circuit "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," Stewart never claims to have actually asked for an appeal. Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). Stewart does not allege that he instructed his attorney to file an appeal or that his attorney refused to do so. Stewart only alleges that his attorney advised against it. Where counsel consults with the defendant regarding an appeal, his performance is ineffective only when counsel fails to file an appeal as expressly instructed by the defendant. Regalado v. United States, 334 F.3d 520, 524-25 (6th Cir. 2003). Stewart does not allege that he expressly instructed his attorney to file an appeal.

During his re-arraignment, the Court advised Stewart of his right to appeal:

COURT: Mr. Stewart, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there's some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within ten days of judgment being entered in your case, and that will be at sentencing, and we will advise you of your right to appeal at that time. Do you have any questions?

DEFENDANT: No, Sir.

[R. 29 at 27-28]. Stewart's failure to timely file an appeal can only be attributed to his own failure to request it, regardless of whether or not his attorney advised against it. When considering a motion to vacate under 28 U.S.C. § 2255, a federal district court should not normally entertain claims that are procedurally defaulted. See Reed v. Farley, 512 U.S. 339, 354-55 (1994). Accordingly, Stewart's claims that the four-level sentencing enhancement was improperly applied and that his criminal history was inaccurately calculated should be dismissed as procedurally defaulted.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 27] be DISMISSED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(a).

Signed January 4, 2011.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge